**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TORMU E. PRALL, | : | Civil No.: 09-2615 (NLH) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **O P I N I O N** |
|  | : |  |
| BURLINGTON CITY MUNICIPAL COURT, | : |  |
|  | : |  |
| Respondent. | : |  |

**APPEARANCES:**

> TORMU E. PRALL, Petitioner <u>Pro Se</u>
> #531669
> Mercer County Detention Center
> P.O. Box 8068
> Trenton, New Jersey  08650

**HILLMAN**, District Judge

This matter comes before the Court upon the motion of <u>pro se</u> petitioner, Tormu E. Prall ("Prall") for vacatur and recusal, with respect to this Court's Opinion and Order entered on July 29, 2009, dismissing Prall's petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Docket entry no. 2 and 3).  Prall submitted his application for vacatur and recusal on or about September 15, 2009.  (Docket Entry No. 4).

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion will be denied.

## I.   BACKGROUND

In his habeas petition, filed on or about May 28, 2009, Prall challenged his detention, asking this Court to direct the Burlington City Municipal Court to hold a hearing on his "claims" or release Prall from custody.  In an Opinion and Order entered on July 29, 2009, this Court dismissed Prall's habeas petition finding that Prall was not being held pursuant to the detainer as alleged.  Instead, this Court found that Prall's state court detention was related to the other crimes from which he fled prosecution and is now awaiting trial.  Further, any challenge to Prall's present detention must be made to the state court conducting the criminal proceedings for which he is being held. Because Prall did not allege that he had exhausted his state remedies, nor did he describe any effort he had made to test the lawfulness of his pre-trial detention in the New Jersey state courts since his extradition, and because Prall failed to allege any "extraordinary circumstances" justifying intervention by a federal court, this Court dismissed the habeas petition pursuant to Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975).

Thereafter, Prall filed this motion for vacatur and recusal on September 15, 2009, claiming that this Court "disregarded the

rule of law," "desire[d] for revenge or to see petitioner
punished," "appears to be an accomplice in the willful
disobedience of [the] Constitution," was biased and "transformed
into a witness for the Federal Marshal, Trenton Police
Department, and Mercer County Prosecutor Office," is "incompetent
to render Judgement evenly and dispassionately," and
"unconstitutionally discriminated against petitioner."  (Docket
entry no. 4).  Prall provides no basis for these vituperative and
conclusory statements.

## II.  <u>ANALYSIS</u>

A.  <u>Motion for Vacatur</u>

     This Court will construe Prall's motion for vacatur as a
motion for reconsideration of the Court's Opinion and Order
dismissing the petition.  Motions for reconsideration are not
expressly recognized in the Federal Rules of Civil Procedure.
<u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp.2d 339, 345
(D.N.J. 1999).  Generally, a motion for reconsideration is
treated as a motion to alter or amend judgment under Fed.R.Civ.P.
59(e), or as a motion for relief from judgment or order under
Fed.R.Civ.P. 60(b).  <u>Id</u>.  In the District of New Jersey, Local
Civil Rule 7.1(i) governs motions for reconsideration.  <u>Bowers v.
Nat'l. Collegiate Athletics Ass'n.</u>, 130 F. Supp.2d 610, 612
(D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek
reconsideration by the Court of matters "which [it] believes the
Court has overlooked" when it ruled on the motion.  L. Civ. R.
7.1(i); see NL Industries, Inc. v. Commercial Union Insurance,
935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument
is high and reconsideration is to be granted only sparingly.  See
United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The
movant has the burden of demonstrating either: "(1) an
intervening change in the controlling law; (2) the availability
of new evidence that was not available when the court [issued its
order]; or (3) the need to correct a clear error of law or fact
or to prevent manifest injustice."  Max's Seafood Café v.
Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins.
Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).
The Court will grant a motion for reconsideration only where its
prior decision has overlooked a factual or legal issue that may
alter the disposition of the matter.  Compaction Sys. Corp., 88
F. Supp.2d at 345; see also L.Civ.R. 7.1(I).  "The word
'overlooked' is the operative term in the Rule."  Bowers, 130 F.
Supp.2d at 612 (citation omitted); see also Compaction Sys.
Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only
those matters of fact or issues of law which were presented to,
but not considered by, the court in the course of making the

4

decision at issue.  <u>See</u> <u>SPIRG v. Monsanto Co.</u>, 727 F. Supp. 876,
878 (D.N.J.), <u>aff'd</u>, 891 F.2d 283 (3d Cir. 1989).  Thus,
reconsideration is not to be used as a means of expanding the
record to include matters not originally before the court.
<u>Bowers</u>, 130 F. Supp.2d at 613; <u>Resorts Int'l. v. Greate Bay Hotel</u>
<u>and Casino, Inc.</u>, 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992);
<u>Egloff v. New Jersey Air National Guard</u>, 684 F. Supp. 1275, 1279
(D.N.J. 1988).  Absent unusual circumstances, a court should
reject new evidence which was not presented when the court made
the contested decision.  <u>See Resorts Int'l</u>, 830 F. Supp. at 831
n.3.  A party seeking to introduce new evidence on
reconsideration bears the burden of first demonstrating that
evidence was unavailable or unknown at the time of the original
hearing.  <u>See Levinson v. Regal Ware, Inc.</u>, Civ. No. 89-1298,
1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

   Moreover, L.Civ.R. 7.1(i) does not allow parties to restate
arguments which the court has already considered.  <u>See G-69 v.</u>
<u>Degnan</u>, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference
of opinion with the court's decision should be dealt with through
the normal appellate process.  <u>Bowers</u>, 130 F. Supp.2d at 612
(citations omitted); <u>Florham Park Chevron, Inc. v. Chevron</u>
<u>U.S.A., Inc.</u>, 680 F. Supp. 159, 162 (D.N.J. 1988); <u>see also</u>
<u>Chicosky v. Presbyterian Medical Ctr.</u>, 979 F. Supp. 316, 318
(D.N.J. 1997); <u>NL Industries, Inc. v. Commercial Union Ins. Co.</u>,

935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ...
may not be used to re-litigate old matters, or to raise arguments
or present evidence that could have been raised prior to the
entry of judgment.").  In other words, "[a] motion for
reconsideration should not provide the parties with an
opportunity for a second bite at the apple."  <u>Tishcio v. Bontex,
Inc.</u>, 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

    Here, Prall fails to provide any evidence to show that this
Court "overlooked" a factual or legal issue that may alter the
disposition of the matter, which is necessary for the Court to
entertain the motion for reconsideration.  Rather, it is evident
that Prall simply disagrees with this Court's ruling.

    Consequently, Prall fails to satisfy the threshold for
granting a motion for reconsideration.  He has not presented the
Court with changes in controlling law, factual issues that were
overlooked, newly discovered evidence, or a clear error of law or
fact that would necessitate a different ruling in order to
prevent a manifest injustice.  Rather, Prall simply disagrees
with this Court's determination that Prall had failed to allege
any "extraordinary circumstances" justifying intervention by a
federal court in dismissing this habeas petition pursuant to
<u>Moore v. DeYoung</u>, 515 F.2d 437 (3d Cir. 1975).  Therefore,
Prall's only recourse, if he disagrees with this Court's
decision, should be via the normal appellate process.  He may not

use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

B.  Motion for Recusal

Title 28 U.S.C. § 455(a) provides, "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The other applicable recusal statute, 28 U.S.C. § 144, provides "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."[1]  Under 28 U.S.C. § 455(a), it is not the case that a judge should recuse himself where, in his opinion, sitting would be inappropriate.  The correct inquiry is whether the judge's impartiality has been reasonably questioned.  Blanche Rd. Corp. v. Bensalem Township, 57 F.3d 253, 266 (3d Cir. 1995).  An alternative means of recusal is governed under 28 U.S.C. § 144, which enables recusal upon

---

[1]  Here, Prall fails to explicitly move under either § 455(a) or § 144.  However, the Court is satisfied that the motion can be analyzed by this Court under both § 455(a) and § 144.  If a recusal motion is made pursuant to § 455, the questioned judge is entitled to rule upon the motion.  If the motion is made pursuant to § 144, another judge must rule on the recusal motion so long as the supporting affidavit meets the "sufficiency test."  In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d. Cir. 2003).  The Court is satisfied that the supporting affidavit does not meet the "sufficiency test," and, hence, may be ruled upon by this Court.

7

timely submission of an affidavit and supporting certificate of good faith.

Here, Prall has failed to submit a certified or notarized affidavit.  Rather, he provides only a motion alleging grounds for recusal based on unsupported, conclusory statements.[2]  The Court of Appeals for the Third Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions.  Mims v. Shapp, 541 F.2d 415, 417 (3d Cir. 1976).  The Third Circuit also has held that the allegations in a § 144 affidavit must convince a reasonable person of the Judge's partiality.  United States v. Dansker, 537 F.2d 40, 53 (3d Cir. 1976).

The Court is not convinced that recusal is appropriate under either 28 U.S.C. § 455(a) or 28 U.S.C. § 144.  The Court declines to recuse itself under § 455, as the Court is not convinced that its impartiality has been reasonably questioned.  Blanche Rd., 57 F.3d at 266 (holding that the correct inquiry is whether the

---

[2]  The Court is aware of judicial decisions in the Third Circuit that have questioned the validity of disqualification motions submitted in response to adverse rulings.  In re Kensington Int'l Ltd., 368 F.3d 289, 314-315 (3d Cir. 2004)(positing that when a party "is aware of the grounds supporting recusal, but fails to act until the judge issues an adverse ruling, the recusal [typically] is not timely.")  Given such authority, the Court would find that Prall's recusal motion is not timely.  Nevertheless, the timeliness of Prall's motion is of little significance, as the Court holds that Prall's motion is wholly conclusory and insufficient to convince a reasonable person of the Court's alleged bias.

judge's impartiality has been reasonably questioned).  The Court
is satisfied that a reasonable person would not be convinced of
the Court's alleged bias after reading Prall's moving papers.
Prall's motion is largely conclusory and devoid of factual
allegations that would render recusal appropriate.  Liteky v.
United States, 510 U.S. 540, 555 (1994).  Similarly, removal
under 28 U.S.C. § 144 is not appropriate.  Section 144 requires
an affidavit of fact that must convince a reasonable person of
the Judge's partiality.  Dansker, 537 F.2d at 53.  Here, Prall's
motion simply concludes that bias and collaboration has occurred,
without including assertions of fact in support of these
conclusions.  A conclusory affidavit is not sufficient for
recusal.  Smith v. Vidonish, 210 Fed. Appx .152, 155 (3d Cir.
2006)(holding that conclusory statements in a recusal affidavit
need not be credited).

     Thus, Prall's motion is nothing more than a litany of
vituperative and conclusory allegations of this Court's alleged
bias, incompetence, and collaboration without one iota of fact to
support the bald accusations.  It is well-established that a
court need not credit conclusory allegations or legal
conclusions.  Morse v. Lower Merion School District, 132 F.3d
902, 906 n. 8 (3d Cir.1997).  See also Ashcroft v. Iqbal, 129
S.Ct. 1937, 1949-50 (2009).  It is abundantly clear that Prall
has made these unwarranted and baseless assumptions based on the

fact that he was unsuccessful in bringing his habeas petition.   A party's disagreement with a Court's ruling is not a basis for recusal; otherwise any unsuccessful litigant would be able to disqualify the Judge who rendered the unfavorable ruling.   In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999).

Accordingly, as Prall has not met the requirements of 28 U.S.C. § 455(a) or 28 U.S.C. § 144, his motion for recusal must be denied.

### III. **CONCLUSION**

Therefore, for the reasons expressed above, Prall's motion for vacatur and recusal (docket entry no. 4) will be denied for lack of merit.   An appropriate Order follows.

/s/ NOEL L. HILLMAN
NOEL L. HILMAN
United States District Judge

At Camden, New Jersey
Dated: JUNE 29, 2010